UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2025
NOVEMBER 16, 2026 SESSION

FILED
NOV 16 2026
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v. CRIMINAL NO. 2:26-cr-000138
18 U.S.C. § 666(a)(1)(A)
18 U.S.C. § 2
18 U.S.C. § 1001(a)(2)

FREDERIC SCOTT CAUDILL

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000

or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-001167, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT TWO

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000337, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT THREE**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000716, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT FOUR

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000832, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT FIVE

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000907, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT SIX

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-001403, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT SEVEN

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000879, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT EIGHT

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Boone County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Boone County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000067, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT NINE

On or about June 6, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant FREDERIC SCOTT CAUDILL, David Keith Cole, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Boone County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Boone County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000185, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT TEN

1. On or about October 26, 2026, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant FREDERIC SCOTT CAUDILL did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States, in that defendant FREDERIC SCOTT CAUDILL, in response to questions posed to him, made statements to a Special Agent of the FBI, as follows:

Questioner: Are you familiar with a company called [Business Entity 1]?

DEFENDANT: Spell it.

Questioner: [Spelled name of Business Entity 1].

DEFENDANT: **No, sir. That one doesn't ring a bell.**

* * *

Questioner: Do you know if [Robert Johns] is associated with that company, [Business Entity 1]?

DEFENDANT: I don't.

* * *

Questioner: Do you happen to recall anything in maybe March of 2025 dealing with [Business Entity 1]? I know you don't remember [Business Entity 1] the name, but a, a company where they had missed a deadline to get a, a tax deed, um, and that they had asked for reconsideration?

DEFENDANT: **Um, I'm not sure about that. I don't, I don't know that for sure.**

Questioner: Do you know whether or not the auditor's office has ever allowed a purchaser to get a deed after the deadline in the statute?

DEFENDANT: **Not to my recollection. I don't remember that.**

Questioner: Would you be in involved in that at all?

DEFENDANT: It's possible. Okay. It's possible. **I don't have any recollection of that for sure.**

* * *

Questioner: Who would typically sign the tax deeds? Who, who's responsible for that?

DEFENDANT: Um, I think that Mr. Cole signs them.

* * *

Questioner: Do you know if Mark Hunt signs deeds?

DEFENDANT: I think he has the authority. Uh, he probably has the authority and he's designated, designated somebody in land to do that, but that's a guess.

Questioner: But you don't know if he's ever signed the deeds himself?

DEFENDANT: **I don't know, either way.**

* * *

Questioner: And then we have this memo, um, supposedly from Mark Hunt saying that upon further review, the deed fee was timely filed and therefore certification is appropriate. And, um, a deed was issued on this property. Do you know anything about that?

DEFENDANT: **I don't. I don't.**

* * *

Questioner: Is it typical that Mark Hunt would write a memo saying that the fees were received on time and that goes in the file?

DEFENDANT: **I don't know.**

Questioner: Do you remember any issues coming up with these deeds and why they were all relating to [Business Entity 1]?

DEFENDANT: **I do not.**

Questioner: Do you remember having any meetings with people talking about these deeds?

DEFENDANT: **No, I don't believe so.**

* * *

Questioner: Do you know if the Auditor himself was wanting these deeds to be approved?

DEFENDANT: **I don't.**

Questioner: Do you know if Dave Cole wanted these deeds to be approved?

DEFENDANT: **I do not.**

Questioner: Do you know who ultimately signed these deeds?

DEFENDANT: **I do not.**

Questioner: Do you know of anyone in the land division, any of the staff over there who said that these deeds should not be issued?

DEFENDANT: **No.**

Questioner: Did anyone voice any concern about these deeds?

DEFENDANT: **Not to my recollection.**

* * *

Questioner: Has [M.W.] ever expressed any concerns about the [Business Entity 1] of deeds that we just talked about?

DEFENDANT: **Not to my recollection.**

Questioner: Do you remember ever having to be involved in any deed issues, um, at the auditor's office? Whether or not to issue a deed that was may or may not be timely?

DEFENDANT: It's possible, but **I don't have any specific recollection of particular deeds or particular disagreements in that regard.**

Questioner: Would it possibly refresh your memory that [C.P.] did raise a concern about the [Business Entity 1] deeds and that you and David spoke with her about it? Do you recall that?

DEFENDANT: Could you be a little more specific?

Questioner: Well, that, uh, David Cole, after these letters went out saying that money was going to be refunded, was concerned and wanted to know how can we get the deeds processed, how can we get the deeds issued and spoke with [M.W.] about it and with you, do you recall? That?

DEFENDANT: **Not right off.**

Questioner: Would it surprise you if you were in a meeting about these deeds?

DEFENDANT: No.

* * *

Questioner: If someone voiced a concern about the process for these deeds, would you have ever asked, "Well, who's going to be the whistleblower?"

Defendant: Uh, can you clarify that a little bit? I'm, I'm not, I'm, I'm not sure who you're talking about or what you're talking about.

Questioner: Well, specifically relating to these deeds . . . would you have said in a meeting, "Who's gonna be the whistleblower?"

DEFENDANT: Would I have said that?

Questioner: Yes.

DEFENDANT: **No.**

2. The statements concerning his lack of knowledge or lack of memory of Business Entity 1 (a business known to the Grand Jury), the voiced opposition of staff within the State Auditor's Office to the issuance of the deeds to Business Entity 1, his question to staff about who would be the "whistleblower," and Mark A. Hunt's signing of the deeds were false, as defendant FREDERICK SCOTT CAUDILL then and there well knew that he had participated in meetings with State Auditor Office staff to discuss Mark A. Hunt's and David Keith Cole's desire to issue, post-deadline, tax deeds to Business Entity 1 over the staff's objection, asked about who would be the "whistleblower," and knew that Mark A. Hunt had personally signed the deeds issued to Business Entity 1.

In violation of Title 18, United States Code, Section 1001(a)(2).

## NOTICE OF FORFEITURE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(3), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure.

Pursuant to 18 U.S.C. § 982(a)(3), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction of an offense in violation of 18 U.S.C. § 666(a)(1)(A) and as set forth in the Indictment, defendant FREDERIC SCOTT CAUDILL shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

The property to be forfeited includes, but is not limited to, a money judgment in the amount constituting the proceeds of the violations set forth in this Indictment.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(a)(3) and 28 U.S.C. § 2461.

MOORE CAPITO
United States Attorney

By: ______________________
JONATHAN T. STORAGE
Assistant United States Attorney